**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



July 21, 2020

Stephen Shea, Esq.
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Cassia W. Parson, Esq.
Special Assistant United States Attorney
Social Security Administration, Ofc. Of
General Counsel
6401 Security Blvd., Room 617
Baltimore, MD 21235

Subject:   *Trina L. v. Saul*
          Civil No.: 1:19-cv-01262-GLS

Dear Counsel:

     Pending before this Court are cross-motions for summary judgment. (ECF Nos. 11, 12). In reviewing the Social Security Administration ("SSA" or "the Agency")'s denial of benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3), the Court must uphold the factual findings of the SSA "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "The duty to resolve conflicts in the evidence rests with the ALJ, not the reviewing Court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Therefore, the Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Craig*, 76 F.3d at 589. Put another way, the Court is not assessing whether Plaintiff is disabled, but, rather whether the Administrative Law Judge ("ALJ") applied the correct legal standards and whether her/his findings are supported by substantial evidence. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule ("L.R.") 105.6. For the reasons set forth below, both Motions are **DENIED** and the SSA's judgment is **REMANDED** for further consideration in accordance with this Opinion.

*Trina L. v. Saul*
GLS-19-1262
July 21, 2020

## I.     BACKGROUND

Plaintiff filed a Title II and XVI Application for Disability Insurance Benefits on June 28, 2016, alleging that disability began June 9, 2014[1]. (Tr. 15). The claim was initially denied on December 6, 2013, and upon reconsideration, denied again on June 4, 2015. (Tr. 141-147). On October 19, 2016, Plaintiff's request for a hearing was granted and the hearing was conducted on July 12, 2018, before an ALJ. (Tr. 36). On July 5, 2018, the ALJ found that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. (Tr. 15-30). On March 21, 2019, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr.1-6).

## II.    ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

As defined by the Social Security Act, a disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). An individual has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . ." 42 U.S.C. § 423(d)(2)(A).

In determining whether an individual has a disability, the ALJ follows a five-step sequential evaluation process outlined in the Social Security Act. *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 23 (2003); *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart*, 540 U.S. at 24. The Fourth Circuit summarizes the process as follows:

> [T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). If a conclusive determination cannot be made after the first three steps, the ALJ must assess the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work." *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden for steps one through four. *See id.* at 634. However, if the inquiry proceeds to step five, the burden shifts to the SSA to prove that "the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional

---

[1] In January 2012, Plaintiff filed claims for DIB and Supplemental Security Income, which were denied. (Tr. 15).

2

*Trina L. v. Saul*
GLS-19-1262
July 21, 2020

capacity, age, education, and work experience." *Id.* at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429).

Here, the ALJ found that Plaintiff suffered the following severe impairments: history of right ankle fracture and surgery; obesity; asthma/Chronic Obstructive Pulmonary Disease (COPD); Schizoaffective Disorder and/or Schizophrenia; Affective Disorder; Anxiety Disorder; Personality Disorder; and Post Traumatic Stress Disorder (PTSD). (Tr. 18). Recognizing those impairments, the ALJ nonetheless determined that Plaintiff had the RFC to:

> perform medium work as defined by 20 CFR 416.967(c). In addition, the claimant can frequently climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. The claimant can occasionally balance on uneven surfaces. She can occasionally kneel, stoop, crouch, and crawl. The claimant requires a temperature-controlled work environment. She can tolerate occasional exposure to fumes and other pulmonary irritants. The claimant can occasionally interact with the supervisors, but never coworkers or the public. The claimant can tolerate few changes in her work setting. She can make simple work-related decisions.

(Tr. 22).

At the hearing before the ALJ, a vocational expert ("VE") testified about whether work in the national economy existed for a hypothetical person with the same limitations as Plaintiff. (Tr. 69). Because Plaintiff did not have past relevant work experience, the VE stated that the hypothetical person could perform work such as an industrial cleaner, hand packager, or warehouse worker. (Tr. 69-70). Therefore, the ALJ found that the Plaintiff was not disabled. (Tr. 30).

### III.   DISCUSSION

On appeal to this Court, Plaintiff advances the following arguments: (1) the ALJ failed to account for any limitation in concentration, persistence, or pace in Plaintiff's RFC; (2) the RFC findings contradict the step three finding of Plaintiff's moderate mental functional limitation (3) the ALJ posed unclear hypotheticals to the VE that inaccurately assessed Plaintiff's limitations in interacting with others. (ECF No. 11-1, pp. 8-10). The Defendant counters that the arguments raised by Plaintiff lack merit for the following reasons: (1) the ALJ's RFC analysis is supported by substantial evidence, and (2) if the Court finds an error in the ALJ's RFC findings, the error is harmless. (ECF No. 12-1, pp 5-19). For the reasons explained below, the Court agrees with the Plaintiff. Thus, I grant remand under sentence four of 42 U.S.C. §§ 405(g).

When assessing a claimant's RFC, the law requires an ALJ to consider all of the claimant's medically determinable impairments, including any medically determinable impairments that are not "severe." 20 C.F.R. § 416.925(a)(2). The ALJ considers any inconsistencies in the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his or her capacity for basic work activities, subject to the symptoms being consistent with the objective medical evidence and other evidence. *Id.* An ALJ's RFC determination should

*Trina L. v. Saul*
GLS-19-1262
July 21, 2020

include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). The Fourth Circuit has recently held that a "proper RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation is just as important as the other two." *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). *See also Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

Plaintiff first argues that the ALJ failed to account for her limitation in concentration, persistence, or pace in Plaintiff's RFC findings. Thus, the ALJ's failure to offer an explanation for the omitted limitation led to an erroneous RFC finding. (ECF No. 11-1, pp. 8). In support of her arguments, Plaintiff relies on *Mascio*, *supra*. (*Id.*) Urging against remand, Defendant contends that the ALJ's RFC finding is supported by substantial evidence and "included all the limitations necessary to account for Plaintiff's moderate difficulties in concentrating, persisting, or maintaining pace." (ECF No. 12-1, pp 6). Defendant relies on *Mascio*, *supra* and *Shinaberry v. Saul*, 952 F.3d 113 (4th Cir. 2020) to advance its argument. (ECF No.12-1, pp.7; ECF No.13).

Urging against remand, Defendant argues that even if the ALJ erred under *Mascio*, "absent sufficient evidence that Plaintiff actually had some work-related functional limitation in concentrating, persisting, or maintaining pace that the ALJ did not account for, any such error is harmless and does not require remand." (ECF No. 12-1, pp 13). An error that is "harmless" does not prejudice the claimant. *Wright v. Comm'r, Soc. Sec. Admin.*, No. JMC-13-3839, 2014 WL 7357447, at *2 (D. Md. Dec. 22, 2014). Therefore, remand is not necessary if, absent the error, the ALJ's decision is overwhelmingly supported by substantial evidence that would lead to the same conclusion. *See Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014).

I find *Mascio* and *Shinaberry* to be controlling here. In *Mascio*, the Court found that the ALJ made several errors in the claimant's RFC findings that led to the denial of the claimant's supplemental security income benefits. Of particular relevance here is the Fourth Circuit's holding that the ALJ erred by not explaining why Mascio's moderate limitation in concentration, persistence, or pace at step three did not translate into the RFC finding. *Mascio*, *supra*, at 638. The Court further reasoned that the ALJ does not account for a claimant's limitations in concentration, persistence, and pace by simply restricting a claimant's RFC to simple, routine tasks because the ability to stay on task differs from the ability to perform simple tasks. *Id.* Therefore, the Court found that the ALJ's deficient explanation frustrated a meaningful review. *Id.* at 633. *Shinaberry* is also instructive because the Fourth Circuit makes clear that it does "not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry*, *supra*, 121. Rather, the Fourth Circuit held that a limitation to simple tasks **can** account for moderate limitations in concentration, persistence, or pace **if** the ALJ explicitly states why a limitation to "simple tasks" is appropriate. *Id.* (emphasis added). The lesson from *Shinaberry*, then, is that the ALJ must explain that despite no mention in a claimant's RFC of her/his limitation in concentration, persistence, or pace, evidence exists to

4

*Trina L. v. Saul*
GLS-19-1262
July 21, 2020

support the notion that the claimant's limitation does not impede his/her ability to stay on task and complete simple tasks. *Id*.

    At step three, the ALJ noted that Plaintiff's racing thoughts and hallucinations "would likely have an impact on concentration, persistence, or pace." (Tr. 21). Even though the RFC does reflect that Plaintiff "can make simple work-related decisions" (Tr. 22), there is no explanation as to what this phrase means to the ALJ. *Mascio*, *supra*, at 638. What remains unclear is how the ALJ's interpretation of Plaintiff's moderate mental functional limitations led her to determine Plaintiff's "can make simple work-related decisions." Put another way, why is Plaintiff able to perform "simple work-related decisions" despite her moderate limitations in concentration, persistence, and pace? For example, which evidence led the ALJ to find that Plaintiff's limitations render her able to make "simple work-related decisions." The ALJ's narrative does not discuss how the ALJ decided which facts logically supported the moderate mental functional limitation that the ALJ fashioned. *Contra Shinaberry*, *supra*, at 122 (finding no error because the ALJ considered the finding at step three that she has moderate limitations in her concentration, persistence, or pace, and explained that Shinaberry's borderline intellectual functioning "support[s] the additional mental limitation restricting the claimant to jobs requiring only simple, routine, repetitive tasks."). Therefore, I find that the RFC assessment lacks the analysis required of the ALJ, as proscribed by SSR 96-8p, and as required by *Shinaberry* and *Mascio*. Accordingly, I find the Agency's harmless error argument unavailing.

    In sum, because I am unable to ascertain how the ALJ arrived at the RFC assessment, remand is necessary. On remand, the ALJ should provide a clearer narrative discussion that defines the phrase "simple work-related decisions," and also explains how the evidence supports her conclusions, ensuring that there is an accurate and logical bridge from the evidence to any conclusion made.

    Because the case is being remanded on other grounds, I decline to address Plaintiff's remaining arguments. I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

### IV.   CONCLUSION

    For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 11), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 12), is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further analysis consistent with this opinion. The clerk is directed to **CLOSE** this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Trina L. v. Saul*
GLS-19-1262
July 21, 2020

                                                              Sincerely,

                                                              /s/
                                          The Honorable Gina L. Simms
                                          United States Magistrate Judge